**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:05CR148** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Judge Peter C. Economus** |
| | ) | |
| **DEMETRIUS DENT,** | ) | |
| | ) | |
| **Defendant.** | ) | **ORDER** |

On August 9, 2005, the Defendant, Demetrius Dent, was sentenced to forty-three (43) months imprisonment, followed by one (1) year of supervised release, for being a felon in possession of a firearm, a Class C felony. His supervised release commenced on October 24, 2008.

On or about August 23, 2010, the Defendant's probation officer submitted a violation report alleging the following violation of the terms of supervised release:

**1.** **New Law Violation:** On 05/13/2010, Mr. Dent was arrested by the Cuyahoga Metropolitan Housing Authority Police Department. He was arrested for Violation of State Drug Law, Tampering with Evidence and Open Container. On 05/20/2010, Mr. Dent was indicted in Cuyahoga County Common Pleas Court and this became Case 537575, in a three count indictment for Count 1: Trafficking, Count 2: Tampering with Evidence and Count 3: Possessing Criminal Tools. On 08/11/2010, Mr. Dent withdrew his former plea of not guilty and pled guilty to Trafficking, with Juvenile Specification, with Forfeiture of Money in a Drug Case (F-4). On 08/11/2010, Mr. Dent was sentenced in Cuyahoga County Common Pleas Court to 1 year community control.

The matter was referred to Magistrate Judge George J. Limbert to conduct the appropriate proceedings, except for sentencing, and to prepare a report and recommendation. The Defendant appeared before the Magistrate Judge for an initial appearance on the alleged violations on September 7, 2010, and was represented by counsel Samuel G. Amendolara. At the hearing, the Defendant denied the alleged violation.

At a revocation hearing before Magistrate Judge Limbert on September 13, 2010, the Defendant, represented by counsel, admitted to the alleged violation.

As the Defendant has admitted the alleged violation contained in the probation officer's violation report, the Court finds that the Defendant has violated the terms of his supervised release. Because the violation involves drug possession, pursuant to 18 U.S.C. § 3583(g)(1), the Court must revoke the term of supervised release and require the defendant to serve a term of imprisonment, subject to the exception listed in 18 U.S.C. § 3583(d). Subsection (d), provides that "the court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception."

The Court has considered the statutory maximum sentence of two years pursuant to 18 U.S.C. § 3583(e)(3). The Court has also considered the advisory policy statements set forth in Chapter Seven of the United States Sentencing Guidelines prior to imposing sentence. The guideline range is 33 to 41 months pursuant to U.S.S.G. § 7B1.4(a). However, pursuant to U.S.S.G. § 7B1.4(b)(1), because the statutory maximum sentence is 24 months, the statutorily authorized sentence is substituted for the guideline range.

Therefore, the advisory guideline range is 24 months. Furthermore, the Court has considered the factors for sentencing listed in 18 U.S.C. § 3553(a) and 3583(d).

Based on this Court's review of all relevant factors, the Court hereby orders that the Defendant's supervised release is **REVOKED**, and the Defendant is hereby sentenced to twenty-four (24) months imprisonment. The sentence shall be held in abeyance until Wednesday, March 16, 2011, at 10:00a.m., when the Court will determine whether or not to implement the sentence imposed. The Defendant shall continue on supervised release as initially ordered.

**IT IS SO ORDERED.**

Issued: September 15, 2010    s/ Peter C. Economus
                              PETER C. ECONOMUS
                              UNITED STATES DISTRICT JUDGE